# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALGONQUIN GAS TRANSMISSION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>0.247 ACRES OF LAND, MORE OR LESS,<br>IN LINCOLN, MASSACHUSETTS, and<br>THE CITY OF CAMBRIDGE,<br><br>Defendants. | No. _____ |

## CONDEMNATION COMPLAINT

Algonquin Gas Transmission, LLC ("Algonquin") alleges as follows.

### NATURE OF THE CASE

1. Algonquin is an interstate natural gas pipeline company that has been authorized by the Federal Energy Regulatory Commission ("FERC") to operate an interstate natural gas pipeline and related facilities located in and adjacent to Route 2/Cambridge Turnpike, Old Colony Road and Trapelo Road in Lincoln and Waltham, MA. This pipeline interconnects with the Tennessee Gas Pipeline System ("TGP") in Lincoln to ensure reliable supplies of natural gas to the Greater Boston Area, including Cambridge. Algonquin needs to undertake a maintenance project at its existing interconnect with TGP to rebuild its existing meter and regulator site (the "M&R Site") located adjacent to Route 2 westbound.

2. The M&R Site is located on land over which Algonquin holds permanent easement rights. The M&R Site, installed in the early 2000s, is in need of replacement in order to ensure its continued safe operation and to provide an uninterrupted supply of natural gas to the area. In order to

perform this work (the "Project"), a temporary workspace easement ("TWS Easement") is required over adjacent land owned by the City of Cambridge. Algonquin requires the TWS Easement in order to safely transport its equipment onto and construct the new facility on the M&R Site, including the removal of trees to allow access for Algonquin's equipment. Algonquin has been unable to purchase the TWS Easement from the City of Cambridge. Therefore, Algonquin, pursuant to the power of eminent domain vested in it by the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h), brings this action to condemn the TWS Easement and to have this Court ascertain the just compensation that must be paid for the easement.

## JURISDICTION AND VENUE

3.  Jurisdiction and venue are proper in this Court under 15 U.S.C. § 717f(h) because the property that is the subject of this action is located within the eastern district of the District of Massachusetts and the value of the easement to be taken on the property exceeds $3,000.

## PARTIES

4.  Algonquin is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas and is a natural gas company as defined by § 2(6) of the NGA, 15 U.S.C. § 717a(6).

5.  The City of Cambridge is a municipality in the Commonwealth of Massachusetts with its offices located at 795 Massachusetts Avenue, Cambridge, Massachusetts (the "City"). The City owns property located in Lincoln, Massachusetts and which is more fully described in a deed recorded in the Middlesex South District Registry of Deeds in Book 59813, Page 111 (the "City Property").

## FACTS

6. Before a natural gas company can operate a natural gas transmission pipeline and related facilities, the company must obtain a Certificate of Public Convenience and Necessity ("Certificate") from FERC (or, prior to October 1, 1977, the Federal Power Commission). On May 22, 1961, the Federal Power Commission issued a Certificate to Algonquin authorizing, among other things, the acquisition, operation and maintenance of approximately 18,752 feet of an existing 16-inch pipeline and related facilities in Waltham and Lincoln for purposes of transporting natural gas in interstate commerce. *See* 25 F.P.C. 1005 (1961). On September 30, 1987, FERC issued a blanket certificate authorizing Algonquin to perform routine work on its system (the "Blanket Certificate"). *See* 40 FERC ¶ 62,398. The Blanket Certificate authorizes Algonquin to "make miscellaneous rearrangements of any facility, or acquire, construct, replace, or operate any eligible facility" pursuant to 18 CFR § 157.208.

7. The Project constitutes routine operation, maintenance and/or replacement work as authorized by FERC.

8. In order to undertake the Project, Algonquin must acquire a TWS Easement over the City Property.

9. Pursuant to 15 U.S.C. § 717f(h), the Certificate confers upon Algonquin the power of eminent domain to condemn land for the purposes of, among other things, operating and maintaining the M&R Site.

## COUNT ONE
### Condemnation

10. Algonquin repeats and realleges the statements in each of the foregoing paragraphs, and incorporates them as if fully set forth herein.

11. Algonquin needs to acquire a TWS Easement over 10,766 square feet, or 0.247 acres of the City Property for the purpose of completing the Project. The boundaries of the TWS Easement are depicted on the drawing attached hereto as <u>Exhibit A</u>.

12. Algonquin has made good faith efforts to purchase the necessary TWS Easement rights for the Project, but has been unable to do so.

13. Pursuant to § 7(h) of the NGA, 15 U.S.C. § 717f(h), Algonquin seeks to take the TWS Easement over the City Property by the power of eminent domain.

WHEREFORE, Algonquin requests that the Court:

1. issue a preliminary injunction and/or order allowing Algonquin to enter the City Property immediately to begin work on the Project;

2. enter an Order of Taking allowing Algonquin to take a TWS Easement over the City Property;

3. ascertain the amount of just compensation to be paid to the City for the TWS Easement taken by Algonquin over the City Property; and

4. award Algonquin such other relief as may be necessary or appropriate.

Respectfully submitted,

ALGONQUIN GAS TRANSMISSION, LLC

By its attorneys,


/s/ *Frank N. Gaeta*
Frank N. Gaeta (BBO #561388)
David Glod (BBO# 676859)
Rich May, P.C.
176 Federal Street, 6th Floor
Boston, Massachusetts 02110
(617) 556-3800
fgaeta@richmaylaw.com
dglod@richmaylaw.com

May 7, 2024

